TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
SEBASTIAN BELLM (Cal. Bar No. 359407)
ALEXANDER DRUTIS (Cal. Bar No. Pending)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0119 / 0333
     Facsimile: (213) 894-0141
     E-mail:    sebastian.bellm@usdoj.gov
                alexander.drutis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:26-cr-00120-AB |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT ETHAN KOMITI |
| v. | **Hearing Date:  June 24, 2026** |
| ETHAN KOMITI, | **Hearing Time: 11:00 a.m.** |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California, and Assistant United States Attorneys Sebastian Bellm and Alexander Drutis, hereby files its sentencing position for defendant Ethan Komiti.

This position is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.  The government

reserves the right to file any supplemental sentencing position that may be necessary.

Dated: June 18, 2026                    Respectfully submitted,

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        JENNIFER L. WAIER
                                        Chief Assistant United States
                                        Attorney
                                        Chief, Criminal Division


                                              /s/
                                        SEBASTIAN BELLM
                                        ALEXANDER DRUTIS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

2

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.  INTRODUCTION**

On February 17, 2026, defendant Ethan Komiti ("defendant") attempted to board a flight from Los Angeles International Airport ("LAX") to Auckland, New Zealand, after checking a suitcase containing approximately 17.74 kilograms of methamphetamine. Defendant did so after ignoring numerous "red flags" that the suitcase did not, as he was told that it would, contain clothes. Defendant was willfully blind and deliberately ignorant as to the contents of the suitcase.  Despite being given reason after reason to do so, he did not ask questions, he did not investigate, and he did not say no.  Defendant intentionally avoided learning the truth that he was smuggling a suitcase containing methamphetamine.

For the reasons set forth below, the government respectfully recommends that a sentence of nine months imprisonment——at the mid-point of the Guidelines range of 6 to 12 months——is sufficient but not greater than necessary to comply with the factors set forth in 18 U.S.C. § 3553(a).

**II.  BACKGROUND: DEFENDANT'S CRIME AND RELEVANT CONDUCT**

After responding to an online social media advertisement seeking couriers to "deliver clothes/watches from USA," (Ex. A[1]), defendant agreed to transport a suitcase to New Zealand in exchange for an all-expense paid trip to Los Angeles.  (Plea Agreement ¶ 9, Dkt. No. 22.) Defendant received free airfare, lodging, and transportation, as well as $1,800 to $2,000 in cryptocurrency as reimbursements for various expenses. (Id.)

---

[1] Exhibit A is the Instagram advertisement that Komiti stated he responded to, which led to him committing the instant offense.

Case 2:26-cr-00120-AB   Document 31   Filed 06/18/26   Page 4 of 9   Page ID #:143

While in Los Angeles, defendant received two different suitcases a few days apart from one another.  The first, which defendant was instructed to open, contained clothes.  The second, which defendant received only minutes before needing to leave for the airport (defendant was told the delivery was late due to "manufacturing" delays), was padlocked.  On February 18, 2026, a CBP Forensic Laboratory tested a sample of the suitcase's contents, which indicated that the methamphetamine was 99.8% pure. (Ex. B.[2])  There is no indication that defendant ever had actual knowledge of the specific contents of the second suitcase.

After being taken into custody, defendant participated in a Mirandized post-arrest interview.  (Ex. C.[3])  During his interview, defendant stated that he was only in communication with one individual, with whom he primarily communicated via WhatsApp.  (Id. at 13:00-13:20.)  According to defendant, upon returning to New Zealand, he would deliver the shipments to various stores for resale. (Id. at 17:10-17:30.)  Defendant expressed that he "should have known it wasn't clothes" in the suitcase, and that he "should have just left" the bag when he saw the padlock.  (Id. at 6:10-6:15, 6:55-7:10.)  The padlock was "the first big red flag" and "tripped [him] out."  (Id. at 6:55-7:10, 17:10-17:30.)  The first suitcase was not locked, which is why he "was sketchy about [the second suitcase] having a padlock on it."  (Id. at 8:15-8:26.)  Overall, consistent

---

[2] Exhibit B is a Department of Homeland Security, Homeland Security Investigations, Report of Investigation, dated April 20, 2026, detailing the lab results related to the methamphetamine in the suitcase.

[3] Exhibit C is an audio-recorded law enforcement interview of defendant from February 18, 2026 following the seizure of drugs from his suitcase.

2

with his sentencing position,[4] defendant further stated that he felt "brainwashed by everything that was happening to" him.  (Id. at 5:45–5:50.)

On May 22, 2026, defendant pleaded guilty to a one-count superseding information charging him with Attempted Smuggling of Goods from the United States in violation of 18 U.S.C. § 554(a). (Dkt. No. 26.)

**III.  SENTENCING CONSIDERATIONS**

### A.    Sentencing Guidelines

The parties agree on the applicable sentencing guidelines range. Under U.S.S.G. § 2M5.1(a)(2), the base offense level for defendant's crime is 14.  Ater a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1, and a further two-level decrease for being a zero-point offender under U.S.S.G. § 4C1.1, defendant's total offense level is 10. With an offense level of 10 and Criminal History Category of I, defendant's Guidelines range is 6 to 12 months.  The statutory maximum term of supervised release is three years.

### B.    Defendant's Deliberate Ignorance Led to Him Attempting to Export Over 17 Kilograms of Methamphetamine

The parties agree on the nature and circumstances of defendant's culpable conduct. As described in defendant's sentencing position, this offense resulted from factors including the "deliberate ignorance of warning signs he should have confronted." (Def.'s Sentencing Position 1, Dkt. No. 29.)  Defendant admits that he should have "investigate[d] the contents of a locked suitcase that had been

---

[4] "Mr. Komiti recognizes that he was starstruck by the opportunity and failed to exercise the skepticism that the situation demanded." (Def.'s Sentencing Position 8, Dkt. No. 29.)

delivered under suspicious circumstances," and that the suitcase's padlock "caused him concern, and he suspected that something was not right."  (Id. at 1, 9.)

The story defendant was told was simply too good to be true: ostensibly, an anonymous person defendant had never met purchased his flight halfway across the world, paid for all of his lodging, reimbursed approximately $2000 worth of other expenses in cryptocurrency, in exchange for transporting a padlocked suitcase that only contained clothes.  Even a cursory investigation or asking a few basic questions would have quickly revealed the truth: he was transporting and smuggling over 17 kilograms of unlawful merchandise, namely a controlled substance.

What defendant characterizes as "naïveté" and "poor judgment" could have had terrible and dire consequences.  The methamphetamine defendant attempted to export would have, if circulated, devastated families, led to intense addiction for users, and resulted in long-term physical and mental health damage.  Methamphetamine distribution and use reliably begets increased crime, child endangerment, and heavy burdens on law enforcement, healthcare, and social services. It is an impossible task to predict the harm that the contents of that suitcase could have caused upon arrival.

The question the Court faces is to what extent is defendant responsible for the contents of the padlocked suitcase that he checked into his flight to New Zealand?  On the one hand, defendant asserts that he had no actual knowledge of the suitcase's contents. On the other, however, the only reason defendant had no such knowledge is his own failure to investigate and ask questions when—as he now readily admits—he knows he should have.

4

**C.    The § 3553(a) Factors Support a Sentence of 9 Months'
Imprisonment, at the Mid-Point of the Guidelines Range**

The government respectfully submits that defendant should be sentenced to 9 months' imprisonment.  Such a sentence is sufficient but not greater than necessary to comply with the goals of sentencing.  See 18 U.S.C. § 3553(a).

There is evidence in the record that factors such as the history and characteristics of the defendant, affording adequate specific deterrence, protecting the public from further crimes of the defendant, and the rehabilitation of the defendant are mitigating considerations.  The Court must also consider general deterrence.  In particular, there is a strong need to deter others from trafficking drugs from the United States to the South Pacific.  This is a common trafficking route.  See Customs Catches Five Methamphetamine Couriers in Just Over a Week, New Zealand Customs Service, available at https://www.customs.govt.nz/about-us/news/media-releases/customs-catches-five-methamphetamine-couriers-in-just-over-a-week; Australian Authorities Issue Warning to Potential Young Drug Couriers, Inside Government, available at https://insidegovernment.co.nz/australian-authorities-issue-warning-to-potential-young-drug-couriers/ (detailing the "suitcase courier methodology" that has resulted in the seizure of 280 kilograms of illicit drugs in a six-month window).  A sentence of nine months is necessary to warn, disincentivize, and dissuade others from seeking to score quick money or receive a once-in-a-lifetime travel opportunity in exchange for trafficking drugs or transporting suitcases under suspicious circumstances.

In his sentencing position, defendant cites four cases in support of the argument that a sentence of time-served would not

result in a disparate sentence from comparable cases.  But each of these cases can be differentiated.  One case involves the transportation of cocaine, and the other three cases involved significantly less methamphetamine.  In *United States v. Vasty-Tonina Holman* (2:24-cr-00022-FLA), Holman transported 735.6 grams of methamphetamine to Tahiti.  This amount, less than one kilogram, is 17 kilograms less than the amount defendant transported in this case. *United States v. Ra'i-arii Mariteragi* (2:25-cr-00554-FMO) involved a small package hidden inside the defendant's pants.  Lastly, *United States v. Heremoana Mii* (2:24-cr-00525-FMO) involved 1,527.2 grams of methamphetamine.  Each of these amounts is significantly lower than the almost 18 kilograms of methamphetamine found in defendant's suitcase.

Finally, defendant argues that the appropriateness of defendant's lower sentence is "reflected in the government's decision to re-charge Mr. Komiti was a violation of 18 U.S.C. § 554, rather than 21 U.S.C. § 841."  Although a departure may have been warranted for sentencing Guidelines calculated under 21 U.S.C. § 841, the same is not true for the lower six-to-twelve-month Guidelines range resulting from the violation of 18 U.S.C. § 554.  The government thoroughly investigated this case and determined smuggling to be an appropriate resolution for defendant's conduct, resulting in defendant's significantly lower guideline range. Accordingly, a sentencing at the mid-point of that Guidelines range is appropriate in this case.

//

//

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully submits that defendant should be sentenced to a nine-month term of imprisonment, which is sufficient, but not greater than necessary, to serve the objective of sentencing.


Dated: June 18, 2026                    Respectfully submitted,

                                        TODD BLANCHE
                                        Acting Attorney General

                                        BILAL A. ESSAYLI
                                        First Assistant United States
                                        Attorney

                                        JENNIFER L. WAIER
                                        Chief Assistant United States
                                        Attorney
                                        Chief, Criminal Division

                                            */s/*
                                        _____
                                        SEBASTIAN BELLM
                                        ALEXANDER DRUTIS
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

7